# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2450 | **DATE** | 10/2/2002 |
| **CASE TITLE** | Shrader vs. Palos Anesthesia Assoc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion to conduct written and oral discovery [41-1] is granted in part and denied in part. All discovery allowed in the Memorandum Opinion and Order to be completed by 12/2/02. Status hearing set for 12/3/02 at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | *s* number of notices | **Document Number** |
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | OCT 0 2 2002 date docketed | |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | 47 |
| ✓ | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | 10/2/2002 | |
| KF | courtroom deputy's initials | 02 OCT -2 AM 7:52 | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 2 2002

ELIZABETH S. SHRADER, )
)
Plaintiff, )
)
) No. 01 C 2450
v. )
) Judge Guzman
PALOS ANESTHESIA ASSOCIATES, S.C., )
and MICHAEL SOBCAK, M.D., ) Mag. Judge Mason
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before us is a motion by the plaintiff to reopen discovery for the purpose of gathering information allegedly missed by plaintiff's previous counsel. After reviewing the plaintiff's requests, we grant in part and deny in part her request to take specific depositions and serve additional written discovery. -

Plaintiff Elizabeth Shrader is an anesthesiologist who previously worked for defendant Palos Anesthesia Associates, S.C. ("PAA"). She was terminated from her employment in February, 2001, after nearly five years. In April, 2001, plaintiff filed a complaint against PAA and its director, Michael Sobczak, alleging that they violated the Equal Pay Act, 29 U.S.C. § 201 *et.seq.* by paying her less than similarly situated male anesthesiologists in the practice and by retaliating against her for complaining about her treatment. Among other things, plaintiff alleges that the defendants denied her shareholder status in PAA and generally harassed her, reducing her compensation, and eventually terminating her.

Plaintiff's first attorney's management of discovery in this case was less than

47

stellar. He consistently scheduled and then cancelled depositions, sometimes within minutes of their intended start. After the Court agreed to extend discovery for the limited purpose of allowing the plaintiff to take the depositions of several previously noticed individuals, her attorney failed to complete some of the depositions. At other times, the plaintiff alleges that her former counsel asked questions in depositions that were irrelevant to her case and even humiliating to her, often failing to ask questions relevant to her cause of action. (Affidavit of Elizabeth Shrader, filed as an exhibit to plaintiff's response to motion for attorney's lien, June 24, 2002).

Plaintiff terminated her former counsel in March, 2002 and hired new lawyers soon thereafter. These new attorneys have identified various areas of discovery that they contend are necessary to either revisit or address for the first time in order to fully litigate this case. Defendants have objected to the plaintiff being able to take any additional discovery.

Generally, a court has discretion when deciding whether to re-open discovery, even in situations where it is alleged that previous counsel was deficient in some way. *See Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996) In such a case, a plaintiff's recourse is against her previous counsel, "it does not justify extending the litigation, at potentially substantial expense to the adverse party." *Id.* In *Bethlehem Steel*, plaintiff's new counsel moved to re-open discovery three months after the defendant had filed its motion for summary judgment. The court denied the request.

In this case, there have been no dispositive motions filed. In their motion, Shrader's lawyers explain that the plaintiff's previous lawyer failed to conduct basic discovery into the crux of her Equal Pay Act claim, which requires her to prove that a

2

similarly situated male anesthesiologist at PAA was paid more than she was, because of gender. In objecting to additional discovery, the defendants focus solely on the retaliation portion of Shrader's claim, and deny that she needs the discovery she seeks.

In this case, given the obvious deficiencies in the work of Shrader's previous counsel and the lack of progress on the case since the close of discovery, we believe that it is appropriate to allow plaintiff's new lawyers to take some additional discovery focused on her basic Equal Pay Act claim. However, we will not allow Shrader's new lawyers to take the depositions of every individual previously noticed by plaintiff's former counsel. Many of these individuals are non-party doctors and nurses who have previously made themselves available for depositions that were cancelled at the last minute and at least one (Dr. Drinan) has been the subject of a protective order barring her deposition. In identifying some of these individuals, plaintiff's lawyers note only that they "may" have information relevant to Shrader's claims.

Therefore, plaintiff is allowed to propound her second set of interrogatories and second request for production of documents, subject to normal objections by the defendant. As for depositions, we will allow the plaintiff to re-depose Dr. Sobczak and take the depositions of Dr. Otto Kramer and Dr. Mark Ruttle. None of these depositions may last more than four hours. We will also allow the plaintiff to take the depositions of nurses Cathy Heety, Linda Rutnicki and Leslie Wick, with no deposition lasting longer than two hours.[1] These depositions must occur at Palos Hospital and be planned to

---

[1] We recognize that plaintiff's previous counsel withdrew his requests for the depositions of these three nurses when faced with mounting pressure to complete discovery on time. Since they never formally appeared for a deposition and their testimony is arguably relevant to the case, we will allow them to be
(continued...)

interfere as little as possible with the nurses' schedules. Plaintiff's request to take any

discovery beyond that set forth here is denied. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated:    October 2, 2002

---

[1](...continued)
deposed.

4