Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2450 | **DATE** | 9/23/2003 |
| **CASE TITLE** | Elizabeth S. Shrader vs. Palos Anesthesia Associates, S.C., | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for voluntary dismissal, or, in the alternative, for leave to amend her complaint, is denied [52-1, 52-2]. Status hearing set for 10/17/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 63 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 03 SEP 24 AM 8:25 FILED FOR DOCKETING | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELIZABETH S. SHRADER, )
)
Plaintiff, )
) Case No. 01 C 2450
vs. )
) Judge Ronald A. Guzman
PALOS ANESTHESIA ASSOCIATES, S.C., )
And MICHAEL SOBCZAK, M.D., )
)
Defendants. )

DOCKETED
SEP 2 4 2003

## MEMORANDUM OPINION AND ORDER

Before the Court is motion of Plaintiff for voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(2), or, in the alternative, for leave to amend her complaint pursuant to Fed.R.Civ.P. 15(a) and 28 U.S.C. § 1367. For the reasons set forth below, the motion is denied.

## BACKGROUND FACTS

Plaintiff Elizabeth S. Shrader filed a one-count complaint against Defendants, Palos Anesthesia Associates, S.C. and Michael Sobczak, on April 9, 2001 (amended and re-filed on April 11, 2001) alleging that her termination by the Defendants was in violation of the anti-discrimination proscription of the Equal Pay Act, 29 U.S.C. §201 *et seq.*

The Plaintiff was initially represented in this suit by attorney Ernest T. Rossiello. After experiencing numerous difficulties during the discovery period, the Plaintiff

1

discharged Mr. Rossiello in March 2002 and retained new counsel, attorneys from the firm of Ancel, Glink, Diamond, Bush, DiCianni & Rolek. The Plaintiff's new attorneys filed an appearance on her behalf on May 22, 2002. As the discovery period had expired prior to this appearance, Plaintiff's new counsel sought to re-open discovery. Magistrate Judge Mason agreed to allow further discovery in the case on a limited basis. In December, 2002, counsel for Plaintiff, David Finch, discussed with Defendants' counsel, Carol A. Poplawski of the firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., the possibility of an agreed voluntary dismissal of this case after which the parties would submit to arbitration, or the Plaintiff would possibly pursue state law claims against the Defendants in state court. (Plaintiff's Reply, Exhibit A.) The negotiations between Plaintiff's counsel and Defendants' counsel apparently stalled, and at the April 21, 2003 status conference, Defendants stated they would oppose any motion for a voluntary dismissal. (Plaintiff's Motion, ¶ 4.) Plaintiff filed this motion for voluntary dismissal without prejudice, or, in the alternative, for leave to amend her complaint on April 30, 2003.

## DISCUSSION

Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is a decision within the sound discretion of the district court. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). A district court also has the discretionary power to deny a plaintiff's request to voluntarily dismiss a claim without prejudice. *Tolle*, 23 F.3d, at 177; *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d

1380, 1385 (7th Cir. 1993). Rule 41(a)(2) requires a plaintiff "to persuade the district court and to establish that voluntary dismissal is warranted." *Tolle*, 23 F.3d at 177.

The Seventh Circuit has supplied four factors that may justify a denial of a plaintiff's motion for voluntary dismissal: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and insufficient explanation for the need to take a dismissal and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). These factors act as a guide for the court in exercising its discretion, and all factors need not be present. *See Tyco Laboratories, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980), *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988). In *Tolle*, the Seventh Circuit cited the facts that discovery had been closed for twenty-two months and that the case had been pending for more than three years in ruling that a district judge's denial of a motion for voluntary dismissal was not an abuse of discretion. *Tolle*, 23 F.3d at 177. Based upon this ruling and the facts that the present case has been pending for more than two years, that discovery in this case has been closed for more that six months, and that extensive discovery has been conducted at considerable expense to the Defendants, the court denies Plaintiff's motion for voluntary dismissal.

In the alternative of granting a voluntary dismissal, Plaintiff asks this court to grant her leave to amend her complaint. Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be freely granted when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182, (1962). A district court, though, need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the

3

opposing party, or when the amendment would be futile. *See Perrian v. O'Grady,* 958 F.2d 192, 194 (7th Cir. 1992). The Seventh Circuit has ruled that the denial of a Plaintiff's request to amend was not an abuse of discretion when this request was made "two years after commencing the action" and "several months after the parties had completed discovery." *Murphy v. White Hen Pantry Co.,* 691 F.2d 350, 353 (7th Cir. 1982). The discovery period in this case was initially set to close February 28, 2002, and after being extended, finally closed December 2, 2002. Because discovery in this case has been closed for more than six months and because allowing the Plaintiff to amend her complaint would surely require further discovery and cause further delay in the resolution of this suit, the Plaintiff's request for leave to amend her complaint is denied. If recovery of cost is Defendant's primary concern, Defendant should consider in engaging in further settlement discussions or an offer of judgment pursuant to Fed. R. Civ. P. 68.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for voluntary dismissal, or, in the alternative, for leave to amend her complaint, is denied [#52-1, 52-2].

SO ORDERED:  ENTERED: 9/23/03

HON. RONALD A. GUZMAN
**United States Judge**

4